UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DAVID R. COLLINS,

                Plaintiff,

        - against -

ANDREW SAUL, Commissioner of the Social
Security Administration,[1]

                Defendant.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
16-CV-6673 (PKC)

PAMELA K. CHEN, United States District Judge:

On December 1, 2016, Plaintiff David Collins brought this action pursuant to the Social

Security Act, 42 U.S.C. § 405(g), seeking reversal of the decision of the Commissioner of the

Social Security Administration ("Commissioner") denying Plaintiff's application for Social

Security Disability Insurance Benefits ("DIB").   This Court granted Plaintiff's motion for

judgment on the pleadings and denied the Commissioner's cross-motion on January 2, 2018.  (Dkt.

15.)  A Judgment by the Clerk of Court, closing this matter, was entered on January 3, 2018.  (Dkt.

16.)  Presently before the Court is the unopposed motion of Plaintiff's counsel, Charles E. Binder,

for approval of attorney's fees of $7,557.45, pursuant to Section 406(b) of the Social Security Act.

For the reasons set forth below, the motion is granted, and the Court awards Plaintiff's counsel

attorney's fees in the amount of $7,557.45.

---

[1] Andrew Saul became Commissioner of the Social Security Administration on June 17, 2019.  Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul is substituted as Defendant in this action.  Fed. R. Civ. P. 25(d); *see* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").  The Clerk of Court is respectfully directed to update the docket accordingly.

**BACKGROUND**

Following this Court's January 2, 2018 order on the parties' cross-motions for judgment on the pleadings (Dkt. 15), the parties stipulated (Dkt. 17), and the Court subsequently ordered, that Plaintiff would be awarded $4,879.42 for attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and $400 in court costs, to be paid from the Judgment Fund pursuant to 28 U.S.C. § 1920. (Dkt. 17-1, at ECF[2] 1; Dkt. 18-2, at ECF 2.) However, Plaintiff's pre-existing federal debt offset the awarded fees. (Dkt. 18-2, at ECF 2.) On November 27, 2019, Plaintiff's counsel filed a motion for attorney's fees in the amount of $7,557.45 pursuant to 42 U.S.C. § 406(b). (Dkt. 18-4.) The Commissioner did not oppose the motion. (Dkt. 21, at ECF 1.)

**DISCUSSION**

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee" "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). This 25% cap only applies to an award of attorney's fees for representation before a federal court; it does not limit attorney's fees that may be approved by the Commissioner for representation in agency proceedings. *See Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019) ("If there is no fee agreement, the agency may set any fee, including a fee greater than 25% of past-due benefits, so long as the fee is 'reasonable.'" (quoting 42 U.S.C. § 406(a)(1))). The Second Circuit has held that a court's determination of whether fees requested under Section 406(b) are reasonable "must begin with the agreement, and [that] the district court may reduce the

_____

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

To determine whether a fee is "unreasonable," a district court should consider: (i) "whether the contingency percentage is within the 25% cap;" (ii) "whether there has been fraud or overreaching in making the agreement;" and (iii) "whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372 (citations omitted).  In addition, if fee awards are made to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund the claimant the amount of the smaller fee.  *Barbour*, 2014 WL 7180445, at \*2 (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at \*3 (N.D.N.Y. July 10, 2009)); *see also Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

Here, Binder's proposed fee of $7,557.45 is the amount the Social Security Administration withheld in its November 13, 2019 decision, and is equivalent to 25% of the past due balance that Plaintiff was awarded.  (Dkt. 18-3, at ECF 8.)  Since there are no allegations or indications of fraud or overreaching with respect to the retainer agreement, the only question for the Court is whether a fee of $7,557.45 for 24.5 hours of work (*see* Dkt. 18-3, at ECF 5) would result in a windfall to Binder.

Courts in this Circuit have identified several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall:

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

3

*Rowell v. Astrue*, No. 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *1 (E.D.N.Y. July 28, 2008) (citation omitted).  In addition, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec.*, No. 03-CV-3154 (ARR), 2007 WL 2027320, at *2 (E.D.N.Y. May 17, 2007) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)).

Binder's proposed award of $7,557.45 for 24.5 hours of work would result in an effective hourly rate of $308.47 per hour.  Though Binder has not provided records that demonstrate his firm's regular hourly rate, his *de facto* hourly rate in this proceeding falls below the rate of $500 per hour in social security cases, which courts in this Circuit have deemed reasonable. *See Mitchell v. Astrue*, No. 09-CV-83 (NGG) (SMG), 2019 WL 1895060, at *6 (E.D.N.Y. April 29, 2019) ("Other courts in this circuit have reduced fees for Binder & Binder attorneys to $500 per hour in social security cases, finding that higher de facto rates would be unreasonable." (citations omitted)); *see also Brown v. Colvin*, No. 15-CV-4823 (SDA), 2018 WL 6061199, at *4 (S.D.N.Y. Nov. 20, 2018) (reducing proposed fees of $18,675 for 24.9 hours of work, resulting in an effective hourly rate of $750, to $12,450 in total fees, or an effective hourly rate of $500); *Arroyo v. Comm'r of Soc. Sec.*, No. 14-CV-3513 (PKC), 2018 WL 2088013, at *2–3 (E.D.N.Y. May 4, 2018) (reducing proposed fees of $14,000 for 19.7 hours of work, resulting in an effective hourly rate of $710.66, to $9,850 in total fees or an effective hourly rate of $500); *Benton v. Comm'r of Soc. Sec.*, No. 03-CV-3154 (ARR), 2007 WL 2027320, at *3 (E.D.N.Y. May 17, 2007) (reducing proposed fees of $44,694.75 for 33.5 hours of work, resulting in an effective hourly rate of $1,334.17, to $15,000 in total fees or an effective hourly rate of $447.76).

4

Consequently, the Court finds that Binder's request for $7,557.45 for 25.4 hours of work in this case would result in a reasonable fee for his representation of Plaintiff in this matter.  The Court's award of $7,557.45 satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals.  *See, e.g.*, *Muniz v. Astrue*, No. 09-CV-3954 (ARR), 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011) ("Further, an award of fees of this sum—amounting to an hourly rate of $333.33—satisfies the underlying policy goal of enabling social security claimants to secure quality legal representation.").

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for attorney's fees under 42 U.S.C § 406(b).  Binder is awarded $7,557.45 in attorney's fees.  This case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 11, 2020
      Brooklyn, New York